1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATHANIEL JOHNSON,                    No.  2:17-cv-0344 KJM AC P

12                Plaintiff,

13        v.                               ORDER

14   E. ARNOLD, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18   appointment of counsel on the ground he is indigent and incarcerated.  See ECF No. 31.

19        The United States Supreme Court has ruled that district courts lack authority to require

20   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

21   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

22   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

23   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24        The test for exceptional circumstances requires the court to evaluate the plaintiff's

25   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

27   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

28   common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances at the present time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, ECF No. 31, is denied without prejudice.

DATED: December 9, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE